(Pleito No. 41.—Fallado el 14 de Abril de 1900.)

## LÓPEZ contra VALDÉS.

RECURSO contra sentencia dictada por la extinguida Audiencia Territorial.

ENAJENACIÓN EN FRAUDE DE ACREEDORES. Una persona á favor de la cual se ha pronunciado sentencia en juicio sobre indemnización de daños y perjuicios, se considerará como acreedor de la persona contra la cual se dictó dicha sentencia, y por lo tanto el primero podrá ejercitar su acción rescisoria contra los contratos celebrados por el segundo después de pronunciado el fallo, siempre que aparezca que tales contratos fueron celebrados en fraude de acreedores y que la ejecución de dicha sentencia dejó al deudor insolvente, no obstante aparezcan inscritos en el Registro los referidos contratos y se haya interpuesto recurso contra el fallo dictado.

Nota.—La justificación de la insolvencia del deudor no ha sido apreciada por el Tribunal, toda vez que el recurso interpuesto no es procedente en cuanto ha sido fundado en el artículo 1,690 de la Ley de Enjuiciamiento Civil.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á catorce de Abril de mil novecientos, en el pleito seguido en el suprimido Juzgado de 1ª Instancia de Vega-Baja y en la ya extinguida Audiencia Territorial, por Don Ramón Valdés Cobián, propietario, vecino de Bayamón, con Don Miguel López Gómez y Don Miguel López Gaztambide, de la misma vecindad, propietario el primero y agricultor el segundo, sobre rescisión de un contrato de venta de finca

rústica, nulidad de su inscripción en el Registro de la Propiedad é indemnización de daños y perjuicios, pleito pendiente ante Nos en virtud de recurso de casación por infracción de ley interpuesto por los demandados, dirigidos y representados por el Letrado Don Rafael López Landrón, habiendo llevado la representación y defensa de la parte demandante y recurrida primero el Letrado Don Wenceslao Bosch y después el Abogado Don Hilario Cuevillas Hernández.—Resultando: Que el Juez de 1ª Instancia de Vega-Baja dictó en veinte y seis de Septiembre de mil ochocientos noventa y cuatro sentencia definitiva en juicio declarativo de mayor cuantía, promovido por Don Miguel López Gómez contra Don Ramón Valdés Cobián, sobre devolución ó restitución de la porción de terreno de la Hacienda Santa Bárbara, por la que pasa el Tranvía de Bayamón á Cataño, con los frutos producidos y que haya podido producir é indemnización de daños y perjuicios, absolviendo en ella de la demanda á Valdés Cobián, con las costas á cargo de López Gómez; y apelada por éste dicha sentencia fué confirmada por la de la extinguida Audiencia Territorial de nueve de Octubre del año siguiente, con las costas de la segunda instancia también á cargo de la parte demandante.—Resultando: Que por escritura otorgada en esta Capital, á trece de Noviembre de mil ochocientos noventa y cinco, Don Miguel López Gómez vendió á Don Miguel López Gaztambide la hacienda Santa Bárbara, de que era dueño, en el término municipal de Bayamón, barrio de "Juan Sánchez," compuesta de ciento diez hectáreas, quince áreas y nueve centiáreas, bajo los linderos que en dicho documento se expresan, con todas sus pertenencias, usos, derechos reales y personales, y cuantos más pudieran corresponderle, por precio de cuarenta y ocho mil pesos moneda extranjera corriente en el comercio, de los cuales el comprador retenía en su poder cinco mil pesos para satisfacerlos en su oportunidad al Banco Territorial y Agrícola á cuyo favor estaba hipotecada la finca, y doscientos cincuenta pesos más á que ascendía un censo que sobre la

misma pesaba á favor de la cofradía del Santísimo Sacramento al rédito de un cinco por ciento anual, confesando el vendedor haber recibido anteriormente del comprador el resto de cuarenta y dos mil setecientos cincuenta pesos con que se completaba el precio de la venta.—Resultando: Que Don Ramón Valdés Cobián presentó demanda en veinte y siete de Marzo de mil ochocientos noventa y seis ante el Juzgado de 1ª Instancia de Vega-Baja, solicitando se declarara rescindida la escritura de venta de la hacienda Santa Bárbara otorgada el trece de Noviembre de mil ochocientos noventa y cinco entre Don Miguel López Gómez y Don Miguel López Gaztambide, por haber sido hecha en fraude de Valdés como acreedor y nula por tanto la inscripción que de la misma se hubiera efectuado en el Registro de la Propiedad, mandando volvieran las cosas al ser y estado que tenían antes de otorgarse la venta, y librándose en su día mandamiento al Registrador de la Propiedad á los efectos de la nulidad de la inscripción referida con indemnización al demandante de los daños y perjuicios causados y con las costas á los demandados Don Miguel López Gómez y Don Miguel López Gaztambide, para lo cual consignó el resultado que había tenido en 1ª y 2ª instancia el pleito seguido contra aquél por Don Miguel López Gómez, condenando á éste al pago de las costas, y el mérito de la escritura de venta de la hacienda Santa Bárbara, alegando además que la sentencia de 2ª instancia recaída en dicho pleito, fué notificada á las partes el veinte y nueve de Noviembre de mil ochocientos noventa y cinco y con fecha nueve de Diciembre siguiente la representación de López Gómez anunció su propósito de interponer contra ella recurso de casación por infracción de ley, habiéndose acordado por auto de once de Diciembre la expedición de testimonio de las sentencias de 1ª y 2ª instancia; que Don Miguel López Gómez se desprendió de todos sus bienes para burlar á su acreedor Valdés Cobián en el cobro de las costas, simulando al efecto la venta de la hacienda Santa Bárbara á

favor de su hijo Don Miguel ·López Gaztambide, y que á consecuencia de esa enajenación no le quedaron á López Gómez otros bienes libres sobre los cuales pudiera dirigirse Valdés Cobián, para hacer efectivas las costas que aquél debía reintegrarle.—Resultando: Que Don Miguel López Gómez y Don Miguel López Gaztambide contestaron á la demanda solicitando se les absolviera de ella condenando al actor á la indemnización de daños y perjuicios, y al efecto alegaron que las sentencias recaídas en 1ª y 2ª instancia, á favor de Don Ramón Valdés con imposición de costas á Don Miguel López Gómez no habían causado estado de derecho ni llegado á producir relaciones de acreedor y deudor entre demandante y demandado, por existir aún pendiente de resolución el recurso de casación anunciado por López Gómez; que éste antes y después de las fechas de las expresadas sentencias, como dueño absoluto de la hacienda Santa Bárbara sin limitación ni prohibición alguna de enajenar pudo disponer libremente de ella como lo hizo celebrando un contrato real y efectivo, sin que tuviera necesidad de simular la venta, lo mismo que celebró el contrato de hipoteca á favor del Banco Territorial y Agrícola después de haberse dictado en su contra la sentencia de 1ª instancia en el pleito con Valdés Cobián, sin que á éste se le haya ocurrido impugnar dicho contrato; y que es completamente falso que López Gómez hubiera venido á estado de insolvencia con motivo de la venta de la hacienda Santa Bárbara, y precisamente por tal venta había de tener bienes en efectivo, y en lo sucesivo tal vez raíces para atender á sus compromisos y obligaciones, en cuanto existan unos y otras, lo que no sucede con relación á Valdés, que ni es acreedor suyo ni tampoco perjudicado por la enajenación cuya rescisión se pretende.—Resultando: Que evacuados los trámites de réplica y dúplica, suministradas pruebas y sustanciado el juicio en dos instancias, la suprimida Audiencia Territorial dictó sentencia en doce de Abril de mil ochocientos noventa y ocho, confirmatoria con costas de 1ª instancia por los

propios fundamentos de ésta, en la que estimándose que la venta de la hacienda Santa Bárbara debía presumirse hecha en fraude de Don Ramón Valdés, siendo presumible no sólo la simulación de la venta sino la complicidad del comprador en el fraude y apreciándose justificada documentalmente la insolvencia de Don Miguel López Gómez con motivo de la enajenación, se declaró rescindida la escritura de venta de trece de Noviembre de mil ochocientos noventa y cinco y nula la inscripción que de la misma se efectuó en el Registro de la Propiedad, absolviendo de la demanda á Don Miguel López Gómez y á Don Miguel López Gaztambide respecto de la indemnización de daños y perjuicios.—Resultando : Que contra esa sentencia han interpuesto Don Miguel López Gómez y Don Miguel López Gaztambide recurso de casación por infracción de ley, invocando en su apoyo el número 1 del artículo 1,690 de la Ley de Enjuiciamiento Civil y el artículo 79 de la Orden General número 118, y alegando haberse infringido:—1º  El artículo 1,291 del Código Civil en su caso 3º por aplicación indebida, pues ese precepto no se refiere á la rescisión de contratos sobre inmuebles.— 2º  El mismo artículo 1,291 en su caso 3º, por interpretación errónea, pues se estima como fraude lo que no ha causado daños y perjuicios.—3º  El artículo 1,297 del citado Código, por aplicación indebida, pues además de no referirse á contratos sobre inmuebles se aplica en favor de Don Ramón Valdés, que no tenía ni tiene hoy el carácter de acreedor. —4º  El artículo 1,291 ya citado del Código Civil en su caso 3º, por aplicación indebida, pues supone equivocadamente que el demandante Valdés no ha podido cobrar de otro modo lo que se le debiera.—5º  El artículo 1,299 del expresado Código Civil por aplicación indebida, pues sólo se refiere á contratos sobre muebles ó semovientes.—6º  El artículo 1,295 del propio Código por aplicación indebida, y por la misma razón anteriormente expuesta.—7º  La ley 8ª, título 22, partida 3ª, porque el fallo califica erróneamente de litigantes temerarios á los demandados.—8º  El artículo

1,294 del Código Civil, porque á pesar de su texto, se tiene por bien ejercitada la acción rescisoria, subsidiaria del demandante.—9º La jurisprudencia del Tribunal Supremo de España, consignada en sentencias de treinta y uno de Diciembre de mil ochocientos ochenta y cinco y trece de Febrero de mil ochocientos ochenta y seis, porque se imponen las costas de ambas instancias á los demandados á pesar de que se les absuelve de un .extremo importante de la demanda.—10º El artículo 36 de la Ley Hipotecaria, porque se declara acción rescisoria contra Don Miguel López Gaztambide, siendo un tercero que ha inscrito su título en el Registro.—11º El artículo 37 de la Ley Hipotecaria en su caso 2º, porque sin existir acreedor perjudicado, se declara la rescisión.—12º El artículo 24 de la misma Ley Hipotecaria, porque se desconocen los efectos del título inscrito de Don Miguel López Gaztambide contra los acreedores personales.—13º El artículo 27 de la repetida Ley Hipotecaria, porque se desconoce en Don Miguel López Gaztambide el carácter de tercero; alegando como décimo cuarto y último motivo de casación, error en la apreciación de la prueba documental, de que Don Miguel López Gómez no satisface contribuciones en cuanto se le dan alcances absolutos para calificar á aquél de insolvente.—Resultando : Que la representación de Don Ramón Valdés Cobián impugnó el recurso en el acto de la vista, alegando ambas partes cuanto estimaron conducente á la defensa de sus respectivas pretensiones.—Visto : Siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando : Que los preceptos del Código Civil relativos al contrato de compra-venta consignados en el título 4 del libro 4º de dicho Código, son de aplicación general, ya se trate de bienes inmuebles, ya de muebles ó semovientes, aunque con sujeción á lo que respecto de bienes inmuebles se determina en la Ley Hipotecaria, como así lo preceptúa terminantemente el artículo 1,537 de aquel cuerpo legal; y que por tanto, los artículos 1,291 en su caso 3º, 1,297, I,299 y 1,295 del Código Civil, que se citan como

infringidos en los motivos 1º, 3º, 5º y 6º del recurso, por entender la parte recurrente que sólo se refieren á contratos de compra-venta sobre muebles ó semovientes, no han sido bajo ese concepto mal aplicados por la Sala sentenciadora, toda vez que no existe disposición alguna de la Ley Hipotecaria que impida ó limite su aplicación en el caso concreto de que se trata.—Considerando: Que según el artículo 1,291 del Código Civil en su número 3º, son rescindibles, entre otros, los contratos celebrados en fraude de acreedores, cuando éstos no puedan de otro modo cobrar lo que se les deba; por lo que siendo acreedor Don Ramón Valdés Cobián de Don Miguel López Gómez por las costas á que éste fué condenado por sentencias de 1ª y 2ª instancia, en el pleito que siguiera contra aquél sobre restitución de terrenos de la hacienda Santa Bárbara, sin que desvirtúe tal concepto de acreedor, para el ejercicio de la acción rescisoria, la falta de sentencia firme, pues basta que se haya pronunciado en cualquier instancia sentencia condenatoria de la que se derive dicho concepto, según el artículo 1,297 del Código citado, y habiendo estimado la Sala sentenciadora que López Gómez ha quedado en estado de insolvencia con motivo de la venta de la mencionada hacienda, apreciación indiscutible en casación por no haberse citado al impugnarla la disposición legal infringida en el particular, sin que por tanto pueda Valdés Cobián cobrar lo que se le debe sino ejercitando la acción rescisoria que ha ejercitado, es claro que tampoco han sido infringidos los artículos 1,291 y 1,297 ya citados del Código Civil, en el sentido de estimarse fraude lo que no lo era, reputarse acreedor á quien no tenía ese carácter y suponer que el demandante no ha podido cobrar de otro modo lo que se le debiese, según se alega en los motivos 2º, 3º y 4º del recurso, como tampoco ha habido infracción del artículo 1,294 del propio Código en el sentido expuesto en el motivo 8º, pues la acción rescisoria se ha ejercitado por haber quedado López Gómez sin otros bienes con que hacer efectiva su responsabilidad con Valdés Cobián.—Considerando:

Que si bien el artículo 36 de la Ley Hipotecaria preceptúa que las acciones rescisorias no se darán contra tercero, que haya inscrito los títulos de sus respectivos derechos, tratándose como se trata de la rescisión de la venta de la hacienda Santa Bárbara, otorgada por don Miguel López Gómez a favor de su hijo Don Miguel López Gaztambide, éste no puede reputarse tercero respecto de dicho contrato, por haber intervenido en el mismo, al tenor de lo que preceptúa el artículo 27 de la Ley citada, aparte de que, aún en el supuesto de que se repute tercero á Don Miguel López Gaztambide con relación al pleito que con Don Miguel López Gómez sostuvo Don Ramón Valdés, tampoco le favorecería el precepto del artículo 36 por cuanto el 37 exceptúa de la regla contenida en el anterior las enajenaciones hechas en fraude de acreedores, cuando el tercero haya sido cómplice en el fraude, como lo fué Don Miguel López Gaztambide, según apreciación de la Sala sentenciadora que no ha sido impugnada en casacion, no habiéndose infringido por tanto los artículos 36, 37 y 27 de la Ley Hipotecaria, según se supone en los motivos 10º, 11º y 13º del recurso.—Considerando: Que el artículo 24 de la Ley Hipotecaria, que se cita como infringido en el 12º motivo del recurso, preceptivo de que los títulos inscritos surtirán su efecto aún contra los acreedores singularmente privilegiados por la legislación común, no es atinente al pleito, en el cual se debate la rescisión de un contrato de compra-venta, materia que debe regirse por las disposiciones del Código Civil y de la Ley Hipotecaria aplicable al caso.—Considerando: Que según tiene declarado repetidamente el Tribunal Supremo de Justicia de España, después de la publicación del Código Civil no son aplicables al caso las leyes de Partida y de la Novísima, relativas á costas, ni la jurisprudencia referente á las mismas, por lo que no ha podido cometer el Tribunal sentenciador las infracciones alegadas en el séptimo y noveno motivo de casación.—Considerando: Que por todas las razones expuestas es improcedente el recurso de casación por

infracción de ley, en cuanto se funda en el caso 1º del artículo 1,690 de la Ley de Enjuiciamiento Civil, siéndolo también en cuanto se apoya en el artículo 79 de la Orden General número 118 por razón de error en la apreciación de las pruebas, toda vez que en el motivo 14º no se ha citado con precisión y claridad la ley ó doctrina legal que se crea infringida, según precepto terminante del artículo 1,718 de la Ley de Enjuiciamiento Civil.—Fallamos:   Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley interpuesto por Don Miguel López Gómez y Don Miguel López Gaztambide, á quienes condenamos en las costas; y devuélvanse los autos al Tribunal del Distrito de San Juan ,con la certificación correspondiente.— Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José C. Hernández.—José Mª Figueras.—El Juez Asociado interino Don Luis de Ealo y Domínguez no pudo firmar, José C. Hernández.—Juan Hernández López.

Publicación.—Leída y publicada fué la anterior sentencia por el Señor Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia 'pública dicho Tribunal en el día de hoy, de que como Secretario sustituto certifico, en Puerto Rico á catorce de Abril de mil novecientos.— Eugenio Alvarez.